HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Plaintiff in Error, v. ROWLAND *et al.*, Defendants in Error.

1. Where, in proceedings instituted in behalf of the Hannibal and St. Joseph Railroad Company, under its charter, to obtain a condemnation of land, the report of a set of commissioners or viewers is set aside, the judge in ordering a review must appoint a *new* set of viewers. (Sess. Acts, 1857, p. 250, § 9.)

2. Where the judge, upon the making of the report of the viewers, sets the same aside on the ground that the damages had not been estimated in the mode required by the law, the award of damages being conditional, and sends back the same viewers with instructions as to the rule in assessing damages, this would not be a review within the meaning of the charter, and would not require the appointment of a new set of viewers, nor would it come within that provision of the charter that provides that "not more than one review shall be granted to the same person."

*Error to Macon Circuit Court.*

The facts are sufficiently set forth in the opinion of the court.

*Lamb & Lakenan,* for plaintiff in error.

I. The courts will take cognizance of cases like this brought up by *certiorari.* (27 Mo. 322.) These proceedings are before the judge *ex officio*, not before the court, either in or out of term. The judge had no right to order four views of the land, nor to appoint the same viewers twice, or to order them to make a second report. The first report of Morrow, Gipson & Morrow should have been permitted to stand. The right to a review was exhausted on each side. In their second report the viewers were misled by the instructions of the court. The judge had no right to instruct them. The instructions were wrong.

*Prewitt,* for defendants in error.

I. A writ of error does not lie in this case. (27 Mo. 327.) The first report made by Morrow, Gipson & Morrow was illegal. No judgment could have been entered upon it. All that could be done was to have the reviewers make a new

report.   The judge had the right to instruct the viewers. Whether the judge had or not, the instructions could not have done harm.   (See 25 Mo. 544.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case arises out of the construction of the ninth section of the act to incorporate the Louisiana and Columbia Railroad, which act was subsequently adopted as the charter of the Hannibal and St. Joseph Railroad Company.

Where the company and the proprietor of the land through which the road is proposed to be run can not agree upon the damages, the circuit judge of the county where the land lies is required, upon the application of the company, to appoint three discreet citizens to go upon the land and report to him the damages.   Upon objections being filed to the report within five days, the judge is authorized, if he is satisfied that the objections are "sufficient and legal," to appoint a new board of commissioners or viewers, or he may enter judgment upon the first report.   The only restriction upon the power of the judge in this matter is, that "not more than one review shall be granted to the same party." (Sess. Acts, 1837, p. 250.)

In this case, upon the application of the company and due notice to the proprietors, the judge appointed three citizens— Pool, Walker and Reynolds—to examine the land and report the damages.   These commissioners reported the damages to the proprietors to be one hundred and fifty dollars.   At the instance of the proprietors, Rowland and Clay, who were dissatisfied with the damages, the judge appointed three other citizens—Fox, Smith and Winn—to review the road and assess the damages, and this second board reported the damages at seven hundred dollars.   The company being dissatisfied with this report, the judge, at their instance, appointed a third board, consisting of Morrow, Gibson and Dysart, and a fourth person named to act in the event of

the inability or failure of either of the persons named. This board reported that no damages would be done the proprietors by the construction of the road, provided the company would make three cattle-guards wherever said proprietors would designate, and two crossings—one near the buildings and the other at a place to be designated by the proprietors. This report was set aside, and the court sent the same commissioners with instructions as to the rule of damages, and they returned reporting the damages at seven hundred dollars, and this report was confirmed.

The company insist that upon the coming in of the third report by Morrow, Gibson and Morrow (substituted for Dysart) the power of the judge was exhausted, and therefore they moved for a judgment upon the report of the last board.

The act seems to leave it very much to the discretion of the judge to determine upon granting a review or refusing one. The expressions used by the act to designate the character of objections to a report which will authorize the judge to set it aside and appoint a new set of commissioners, are very vague and indefinite. The objections must be "sufficient and legal," and this is all the description of them given in the act. It is plain, however, that the review spoken of in the act is in all cases to be made by a new set of commissioners. The language is " he shall order a review by three other viewers, who shall proceed in the same manner as hereinbefore provided, *but not more than one review shall be granted to the same person.*"

When the circuit judge for Macon county, then, sent back the commissioners, Morrow, Gibson and Morrow, to make another report, it was not a review within the meaning of this law. The report first made by these commissioners was not deemed to be in conformity to the law; the damages were not in fact estimated in the mode which the law required. The award was a conditional one, which could only be made effectual by an agreement between the parties. The commissioners were therefore sent back to report an estimate of the damages in money. This was not granting to the

proprietors a second review, but merely seeing that the report of the commissioners appointed at the instance of the Railroad Company was in conformity to law.

The judgment of the circuit court is affirmed ; the other judges concur.